NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0299n.06

Case No. 25-1597

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 10, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| MICHAEL ARNET THOMAS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: KETHLEDGE, NALBANDIAN, and HERMANDORFER, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Michael Thomas pled guilty to possessing a stolen firearm, and the district court sentenced him to 120 months' imprisonment. But Thomas claims that the district court violated his Sixth Amendment right to counsel at sentencing by inadequately inquiring into Thomas's expression of dissatisfaction with his counsel. We disagree and affirm.

## I.

The government charged Michael Thomas with knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j). Thomas pled guilty to the charge with an agreed sentence of 120 months' imprisonment.

The week before his sentencing, however, Thomas wrote a pro se letter to the court. The letter isn't in the record, but the district court described its contents in general terms at sentencing. In the court's words, Thomas had "expressed some concerns with his counsel" but also indicated in the letter that he "want[ed] to move forward and get this over with." R.108, Sent'g Hr'g Tr.,

PageID 712. The court recognized that "if there are issues with counsel, that's something that I have to take up before I can turn to the sentencing." *Id.* So the court discussed the letter with Thomas:

> **The Court**: But I couldn't tell from this letter if this is a request for another lawyer.
>
> **Thomas**: No, Ma'am, it's not.
>
> **The Court**: Do you believe that [your lawyer] can adequately represent your interest at the sentencing?
>
> **Thomas**: Yes, Ma'am.
>
> **The Court**: And have you had a chance to discuss really anything about the sentencing that you wanted to discuss with him?
>
> **Thomas**: Um, it was the sentencing -- it was actually the, um -- it was actually the um, charges that was on my file that I wasn't -- no, Ma'am, I didn't because it was actually charges on my file that I wasn't convicted of that's still is on there. These charges are causing me to be assaulted.
>
> **The Court**: Before we dive into the details, I'm trying to get a sense of whether you'd like to have some additional time to confer with your lawyer before we have your sentencing.
>
> **Thomas**: No, Ma'am.
>
> **The Court**: So, what would you like me to do with the letter that you sent me?
>
> **Thomas**: Um, take it as a notion that I wrote it and, um, let's get on with my sentencing.
>
> **The Court**: All right. You're not going to come back to me later --
>
> **Thomas**: No, Ma'am.
>
> **The Court**: -- and indicate that you think you weren't treated fairly or properly at the sentencing given any issues with your counsel?
>
> **Thomas**: No, Ma'am. Not at all.

*Id.* at PageID 712–14. The court then asked Thomas's appointed counsel whether he could adequately represent Thomas. And counsel responded that he could.

Having concluded that Thomas wasn't requesting new counsel, the court carried on with sentencing. As the above excerpt suggests, Thomas had concerns about details included in his presentence report that didn't affect his Sentencing Guidelines calculation and that he wished to

have removed. Before sentencing, Thomas's counsel had already objected to the report on that basis. So the court resolved this concern, with the government agreeing to Thomas's request by having the details removed from the report. And the court imposed the agreed-upon sentence of 120 months' imprisonment. Thomas now appeals.

## II.

Thomas argues that we should remand for resentencing so that the district court can inquire more fully into his dissatisfaction with counsel. In his view, the district court violated his Sixth Amendment right to counsel by inadequately inquiring into the concerns expressed in his letter. And relatedly, Thomas contends that, because Thomas's letter isn't in the record, the record is too sparse for us to conduct a meaningful review of the court's inquiry. But we disagree.

Sentencing is a critical stage at which the Sixth Amendment right to counsel attaches. *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006). And this right is implicated when "a criminal defendant seeks to change the status of his representation," like if he "seeks to substitute his counsel." *Benitez v. United States*, 521 F.3d 625, 631 (6th Cir. 2008). A defendant doesn't need to affirmatively request substitute counsel to implicate the Sixth Amendment. *See id.* at 634. If a defendant "bring[s] any serious dissatisfaction with counsel to the attention of the district court," then the court is "obliged to conduct an inquiry into the defendant's complaint to determine whether there is good cause for substitution of counsel." *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (citation modified). But a defendant's right to the lawyer of his choice isn't absolute. Among other considerations, the court balances the defendant's demonstration of good cause for substitute counsel against "the public's interest in the prompt and efficient administration of justice." *United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019) (citation modified).

To start, it's unclear that Thomas's letter triggered the district court's affirmative duty to inquire under the Sixth Amendment. *See Benitez*, 521 F.3d at 634. The district court couldn't tell whether the letter was a request for new counsel. *See United States v. Iles*, 906 F.2d 1122, 1131 (6th Cir. 1990) (noting that "the defendant must show his hand" before the district court must inquire into the necessity of substitute counsel (citation modified)). Also, the court's characterization of the letter and the concerns that Thomas raised at sentencing don't suggest that he had *serious* dissatisfaction with counsel. *See Vasquez*, 560 F.3d at 466. But because the letter isn't in the record, we can't say for sure.

In any event, we'll assume that the letter triggered the court's duty to inquire. We would typically review the district court's inquiry for abuse of discretion. *See id.* But the government contends that the invited-error doctrine forecloses our review. And we agree.

When the defendant "complain[s] on appeal of errors that he himself invited or provoked the court to commit," we review the error only if the defendant shows that failing to review the error "would result in manifest injustice." *United States v. Akridge*, 62 F.4th 258, 264 (6th Cir. 2023) (citation modified). And we've said that manifest injustice may result when the government was at least equally to blame and the error was either a constitutional violation or an incorrect calculation of the recommended sentence under the Guidelines. *United States v. Montgomery*, 998 F.3d 693, 699 (6th Cir. 2021). Still, when we decide to review invited errors, we review for plain error. *United States v. Clay*, 162 F.4th 757, 766 (6th Cir. 2025).

Invited-error doctrine forecloses our review. Thomas gave the court a clear statement that his current counsel could adequately represent his interests and that he wasn't requesting substitute counsel. He told the court that it could move on from the letter and carry on with the sentencing. And when asked if he would later complain about issues involving his counsel, he told the court:

"No, Ma'am. Not at all." R.108, PageID 714. If the court's error was cutting the inquiry short, then Thomas invited that error. *See United States v. Woods*, 61 F.4th 471, 482 (6th Cir. 2023) (finding that the defendants invited a Guidelines-calculation error by erroneously telling the court that they were career offenders). And though Thomas is claiming a constitutional violation, the government had no role in curtailing the inquiry. So manifest injustice wouldn't result from declining to review Thomas's claim.

But even if we carried on to plain-error review, we wouldn't find that the district court committed an error—much less a plain one. The responses from Thomas that lead us to apply the invited-error doctrine also lead us to find no error. As far as the Sixth Amendment is concerned, Thomas's statements to the court obviated any need to inquire further into whether there was good cause to substitute counsel, the only purpose of which would've been to substitute counsel over Thomas's desire not to. *See United States v. Henderson*, 626 F.3d 326, 339–40 (6th Cir. 2010); *United States v. Salaam*, 2024 WL 3163256, at *7 (6th Cir. June 25, 2024) (finding that the district court didn't abuse its discretion where the defendant had withdrawn his motion for substitute counsel and twice affirmed that he wanted to proceed with the same lawyer). And we decline to assume that Thomas misrepresented his own views to the court. *See Iles*, 906 F.2d at 1131.

Though Thomas relies most heavily on *Benitez*, that case is far afield from ours. In *Benitez*, we remanded based on the district court's failure to make any inquiry into the defendant's dissatisfaction with counsel. 521 F.3d at 635–36. But we remanded only because the district court didn't inquire into the defendant's concerns even after the defendant told the court that he had fired his lawyer and that he didn't want his lawyer representing him. *Id.* at 634. Here, by contrast, Thomas told the court he hadn't requested a new lawyer and that he thought his current lawyer could adequately represent his interests. *See Henderson*, 626 F.3d at 340 (finding that the district

5

court didn't abuse its discretion by not ordering substitute counsel because the defendant had never requested new counsel and had expressed satisfaction with his current lawyer).

Finally, Thomas's contention that we can't conduct a meaningful review without the letter fails for the same reasons we find that the district court didn't commit an error. Best practice would've been to include Thomas's letter in the record. *See United States v. Jennings*, 945 F.2d 129, 132 (6th Cir. 1991). But all that the letter's absence leaves in doubt is whether the letter triggered the district court's duty to inquire in the first place, not whether its inquiry was adequate. We assume that the letter triggered the court's duty to inquire. From there, the record shows that the court's inquiry was adequate under the Sixth Amendment because Thomas disclaimed any desire for substitute counsel. *Cf. id.* (remanding for a fuller inquiry where the record didn't show whether the district court considered the defendants' letters or ever made rulings on each defendant's explicit requests for new counsel).

For these reasons, we affirm.